DECKER J. STERLING

*v.*

WILHELMINA STERLING.

[Submitted February 27th, 1906. Decided April 17th, 1906.]

1. In a suit for divorce, the uncorroborated testimony of one of the parties is insufficient to establish any of the essential facts.

2. Where the conduct of a wife on leaving her husband is not sufficient to make out desertion, but only separation, it is ordinarily the husband's duty to seek a reconciliation and a renewal of the matrimonial status before such separation can constitute willful and obstinate desertion; but a demand for the return of the wife is not essential, where the circumstances justify the inference that such a demand would be wholly ineffective.

On bill for divorce and exceptions to master's report.

*Mr. Francis D. Weaver,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause sought a divorce on the ground of desertion. No answer having been interposed, the matter was referred to a master, who has reported that the evidence produced before him established a willful and continued desertion, but failed to establish that the desertion was obstinate.

To obtain a decree of divorce on the ground of desertion, the proofs must establish that the desertion was willful, continuous and obstinate. The evidence of one of the parties to the cause will not establish any of the essential facts unless the same is corroborated.

What occurred at the time defendant left the house in which she resided with her husband, and to which she returned only once, and then for the purpose of obtaining some of her property, is proved only by the evidence of the husband. If his testimony

tends to produce any conviction that her leaving his house was with the intent to desert, it is wholly lacking in corroboration.

Shortly after she returned to the house to secure some of her property. At the interview with her husband at that time he declares that she used language that would indicate that she had deserted him for another person. This evidence is also uncorroborated. The son of the parties, who was present at a part of that interview at least, does not testify to the use of any such language.

It results, in my judgment, that the master had not before him sufficient proofs to justify his conclusion that the desertion was willful.

The conclusion of the master that the desertion which he found to be willful was not obstinate was, I assume, based upon the fact that the complainant made no effort to induce the wife to return to the conjugal domicile.

If there was satisfactory evidence of a willful desertion, the question whether the husband was under a duty to seek the return of the wife would be presented. Where the evidence is not sufficient to make out desertion, but only separation, it would seem that the husband's duty would require him to seek a reconciliation and a renewal of the matrimonial status.

But the exceptions are supported here by the argument that the testimony discloses that no duty devolved upon the husband to seek to induce her to return. It is the result of our cases that while a demand for the return of the wife is, in general, required to be made, it is not essential where the circumstances proved justify the inference that such a demand would be wholly ineffective.

Two circumstances are claimed to show that a demand in this case would have been ineffective:

(a) It is urged that what the defendant said to the complainant, when she returned to the house to obtain her property, indicated that she had deserted him for another person. Under such circumstances a demand would seem to be absurd and unlikely to be ineffective. But this evidence comes from the plaintiff alone, and lacks any corroboration.

(b) The possession by the complainant of a key which he

found would open the door of a house in which he says a man lived whom he suspected of being intimate with his wife.

There is corroboration that the key which complainant had would open the front door of a certain house, but there is no corroboration of complainant's testimony that the key came from the possession of the defendant, nor that the house was one in which the man in question lived, nor that there had ever been any undue familiarity between the defendant and that man.

The result is that the master's report must be confirmed.